**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT LOUISIANA**

| | | |
|---|---|---|
| RAY'SHANA MITCHELL | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | |
| VERSUS | ) | JUDGE ______________________ |
| | ) | |
| OAK STREET HEALTH MSO, LLC;<br>OAK STREET HEALTH PHYSICIANS GROUP<br>OF LOUISIANA LLC; AND<br>OAK STREET HEALTH<br>MEDICARE PARTNERS, LLC | )<br>)<br>)<br>)<br>) | MAG. JUDGE ________________ |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Ray'Shana Mitchell, through undersigned counsel, files this Complaint against Defendants, Oak Street Health MSO, LLC, Oak Street Health Physicians Group of Louisiana LLC, and Oak Street Health Medicare Partners, LLC (collectively, "Oak Street Health" or "Defendant"), and respectfully represents as follows:

## I. PARTIES

1. Plaintiff, Ray'Shana Mitchell, is a person of the full age of majority domiciled in Orleans Parish, Louisiana.
2. Made defendants herein are:
   a. Oak Street Health MSO, LLC, a foreign limited liability company authorized to do and doing business in the State of Louisiana;
   b. Oak Street Health Physicians Group of Louisiana LLC, a Louisiana limited liability company; and
   c. Oak Street Health Medicare Partners, LLC, a foreign limited liability company authorized to do and doing business in the State of Louisiana.

d. Each Defendant may be served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

3. At all relevant times, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Defendant is therefore an "employer" within the meaning of:

   a. 42 U.S.C. §12111(5)(A);

   b. b. 42 U.S.C. §2000e(b);

   c. 42 U.S.C. §2000gg(2);

   d. the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (the "FMLA"), over which this Court also has jurisdiction under 29 U.S.C. § 2617(a)(2).

4. At all relevant times, Defendant employed twenty (20) or more employees within the State of Louisiana for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Defendant is therefore an "employer" within the meaning of La. R.S. 23:302(2).

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). Plaintiff's claims arise under:

   a. the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, et seq. (the "ADA");

   b. Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §2000e, et seq. ("Title VII"); and

   c. the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg, et seq. (the "PWFA").

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a). Those claims form part of the same case or controversy as the federal claims.

7. Venue is proper in this District under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3). Section 2000e-5(f)(3) applies to ADA claims through 42 U.S.C. §12117(a) and to PWFA claims through 42 U.S.C. §2000gg-2(a)(1). The unlawful employment practices alleged here were committed in Jefferson Parish, Louisiana, which lies within this District, and Plaintiff was employed in this District.

## III. ADMINISTRATIVE PREREQUISITES

8. On August 6, 2026, Plaintiff filed a Charge of Discrimination, EEOC Charge No. 461-2026-01829, with the U.S. Equal Employment Opportunity Commission ("EEOC"). The charge was dual filed with the Louisiana Commission on Human Rights. It alleged discrimination based on disability and retaliation, invoked both the ADA and Title VII, and described the conduct alleged in this Complaint, including Defendant's hostility toward Plaintiff's lactation accommodation. A copy of the Charge is attached as Exhibit A. The Charge named "Oak Street Health," the common trade name under which all Defendants operate, and Defendants received notice of the Charge.

9. Plaintiff filed the Charge within three hundred (300) days of her January 6, 2026, termination, and within three hundred (300) days of the other discrete acts alleged here.

10. On August 6, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights, notifying her of her right to sue. Plaintiff received the Notice on [date]. A copy is attached as Exhibit B.

11. Plaintiff has filed this Complaint within ninety (90) days of her receipt of the Notice of Rights. All conditions precedent to filing this action have been performed or have occurred.

12. Defendant received written notice of Plaintiff's claims, including the Charge and the Notice of Rights, more than thirty (30) days before this action was filed. This satisfies La. R.S. 23:303(C).

13. Defendants operate under the common trade name "Oak Street Health," including at the primary care center located at 601 Terry Parkway, Suite O, Gretna, Louisiana 70056 (the "Gretna Center"), where Plaintiff worked. Upon information and belief, Defendants share common ownership and management, and they centrally control labor relations, human resources, and personnel decisions. Defendants therefore constitute a single, integrated employer and/or joint employers of Plaintiff. Each Defendant is liable for the conduct alleged in this Complaint.

## IV. FACTUAL ALLEGATIONS

14. Defendant hired Plaintiff in or about September 2023. Most recently, Plaintiff worked as a Medical Assistant/Phlebotomist at the Gretna Center.

15. Throughout her employment, Plaintiff was qualified for her position and performed her job duties satisfactorily.

16. On or about May 9, 2025, Plaintiff gave birth. She returned to work at the Gretna Center as a nursing mother on or about October 15, 2025.

17. After giving birth, Plaintiff was diagnosed with postpartum depression. Her condition impaired her ability to concentrate and focus.

18. On or about September 12, 2025, Plaintiff submitted to Defendant a Reasonable Accommodation Questionnaire completed by her treating physician. In it, the physician certified that:

    a. Plaintiff had a mental impairment, depression, that limited her ability to focus;

b. the impairment affected her ability to perform her job; and

c. Plaintiff required, as a reasonable accommodation, three to four short breaks per day, beginning September 12, 2025, for an indefinite duration.

19. On or about October 17, 2025, Plaintiff submitted to Defendant a Health Care Provider Certification under the FMLA, completed by her treating physician. In it, the physician certified that:

a. Plaintiff had a serious health condition, postpartum depression;

b. Plaintiff could perform her job but might need breaks and days off; and

c. Plaintiff required intermittent leave of approximately two to three occurrences per month, up to eight hours each, through approximately October 2026.

20. Defendant approved Plaintiff's accommodation request and approved her intermittent FMLA leave. Plaintiff also requested, and Defendant granted, break time and space to express breast milk.

21. Plaintiff's supervisor, Jeffery Brown (the "Supervisor"), resented Plaintiff's accommodations and leave and interfered with her use of them. Among other things:

a. He told Plaintiff that he would be watching the clock and timing how long it took her to pump; and

b. He became upset with Plaintiff when she took leave for her condition, including her intermittent FMLA leave.

22. The Supervisor also subjected Plaintiff to repeated harassment, bullying, and yelling, including aggressively nitpicking and overly criticizing Plaintiff's job performance, which included falsifying performance write-ups which did not appear in the CVS system.

23. The hostile work environment aggravated Plaintiff's condition. Plaintiffs treating physician, Dr. Daniel Rachal, also diagnosed her with anxiety and prescribed anxiety medication.

24. Plaintiff's postpartum depression and anxiety are mental impairments that substantially limit one or more major life activities, including concentrating, thinking, sleeping, and the operation of her neurological and brain functions. Under 42 U.S.C. § 12102(4)(E)(i), whether Plaintiff's impairments are substantially limiting is determined without regard to the ameliorative effects of medication.

25. Defendant knew of Plaintiff's disability no later than September 12, 2025, when she submitted her Reasonable Accommodation Questionnaire. Defendant again received notice of it when Plaintiff submitted her FMLA certification.

26. On December 11, 2025, a Nurse Practitioner employed by Defendant, Janel Isom, confronted Plaintiff in an aggressive and threatening manner and attempted to physically attack her. The Supervisor was standing nearby during the incident and did nothing to intervene.

27. Plaintiff reported the December 11, 2025, incident to Defendant's Human Resources department. Plaintiff also reported the Supervisor's ongoing harassment, the failure to intervene, and his negative treatment of her accommodation.

28. Defendant's Human Resources department never followed up with Plaintiff regarding her report. Defendant did not investigate the incident or take any corrective action.

29. On January 6, 2026, less than four weeks after the December 11, 2025, incident and Plaintiff's subsequent report to Human Resources, Defendant terminated Plaintiff's employment.

30. Defendant's stated reason for the termination was that Plaintiff took pictures of and recorded other employees and coworkers.

31. Defendant’s stated reason is false and is a pretext for discrimination and retaliation:

a. Plaintiff never photographed any employee or coworker in the clinic.

b. Plaintiff's only recordings were audio recordings of the Supervisor, made on her personal cell phone while he was harassing her. Plaintiff was a party to each recorded conversation. She made the recordings to document the harassment she was experiencing and reporting.

c. The CVS Health employee reporting website available to Plaintiff and other Oak Street Health employees allows employees to upload photographs, videos, and audio recordings as proof when reporting workplace misconduct.

d. Upon information and belief, no policy of Defendant prohibited Plaintiff from documenting harassment directed at her in this manner.

e. Defendant's stated reason appears to arise from an unrelated incident in which a different employee photographed a coworker, and Defendant terminated that employee. Plaintiff was not present for, involved in, or aware of that incident until the day the other employee was terminated. Upon information and belief, the Supervisor used that incident as a pretext to terminate Plaintiff.

f. Defendant terminated Plaintiff less than four weeks after she reported the December 11, 2025, incident to Human Resources, and while she was using an approved accommodation and intermittent FMLA leave.

32. Defendant terminated Plaintiff because of her disability and her lactation accommodation, and in retaliation for her requests for accommodation and her complaints of harassment.

33. As a result of Defendant's conduct, Plaintiff has suffered, and continues to suffer:

a. lost wages and employment benefits;

b. loss of earning capacity;

c. emotional distress, anxiety, humiliation, and mental anguish; and

d. medical expenses.

## V. CAUSES OF ACTION

*COUNT I - DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA (42 U.S.C. § 12112(a))*

34. Plaintiff incorporates all preceding paragraphs.

35. Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102(1). She has:

    a. a physical or mental impairment that substantially limits one or more major life activities;

    b. a record of such an impairment; and

    c. been regarded by Defendant as having such an impairment.

36. Plaintiff is a "qualified individual" within the meaning of 42 U.S.C. § 12111(8). She could perform the essential functions of her position with or without reasonable accommodation.

37. Defendant discriminated against Plaintiff because of her disability in violation of 42 U.S.C. § 12112(a). Specifically, Defendant subjected her to adverse treatment in the terms and conditions of her employment and terminated her employment.

38. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages under 42 U.S.C. § 1981a(b)(1).

*COUNT II - RETALIATION AND INTERFERENCE IN VIOLATION OF THE ADA (42 U.S.C. § 12203(a)-(b))*

39. Plaintiff incorporates all preceding paragraphs.

40. Plaintiff engaged in activity protected by the ADA, including:

a. requesting a reasonable accommodation for her postpartum depression on or about September 12, 2025, and using that accommodation; and

b. reporting and opposing harassment in the workplace to Defendant's Human Resources department.

41. Defendant terminated Plaintiff's employment because of that protected activity, in violation of 42 U.S.C. § 12203(a). The close temporal proximity between Plaintiff's report and her termination supports a causal connection.

42. Defendant coerced, intimidated, threatened, and interfered with Plaintiff's exercise and enjoyment of rights protected by the ADA, in violation of 42 U.S.C. § 12203(b).

*COUNT III - HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADA*

43. Plaintiff incorporates all preceding paragraphs.

44. Plaintiff's postpartum depression and her need to express breast milk were known limitations related to pregnancy, childbirth, or related medical conditions within the meaning of 42 U.S.C. § 2000gg(4). Postpartum depression and lactation are each related medical conditions under 29 C.F.R. § 1636.3(b).

45. The harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and to create an abusive working environment.

46. The harassment was perpetrated by Plaintiff's Supervisor. In addition, Defendant knew or should have known of the harassment and failed to take prompt remedial action.

*COUNT IV - VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT (42 U.S.C. §§ 2000gg-1, 2000gg-2(f))*

47. Plaintiff incorporates all preceding paragraphs.

48. Plaintiff's need to express breast milk was a known limitation related to pregnancy, childbirth, or related medical conditions within the meaning of 42 U.S.C. § 2000gg(4). Lactation is a related medical condition under 29 C.F.R. § 1636.3(b).

49. Plaintiff was a "qualified employee" within the meaning of 42 U.S.C. § 2000gg(6).

50. Defendant violated 42 U.S.C. § 2000gg-1(5) by taking adverse action against Plaintiff in the terms, conditions, and privileges of her employment, including harassment and termination, on account of her request for and use of a reasonable accommodation.

51. Defendant violated 42 U.S.C. § 2000gg-2(f) in two ways:

    a. it retaliated against Plaintiff for requesting and using a reasonable accommodation; and

    b. it coerced, intimidated, threatened, and interfered with her exercise of rights under the PWFA, including through the Supervisor's monitoring and timing of her lactation breaks.

*COUNT V - SEX DISCRIMINATION IN VIOLATION OF TITLE VII, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT (42 U.S.C. §§ 2000e(k), 2000e-2(a), 2000e-3(a))*

52. Plaintiff incorporates all preceding paragraphs.

53. Under 42 U.S.C. § 2000e(k), discrimination "because of sex" includes discrimination because of pregnancy, childbirth, including postpartum depression, lactation, or related medical conditions, including lactation.

54. Defendant violated 42 U.S.C. § 2000e-2(a)(1) by harassing Plaintiff and terminating her employment because of her sex, including her lactation.

55. Defendant violated 42 U.S.C. § 2000e-3(a) by retaliating against Plaintiff for opposing practices made unlawful by Title VII.

*COUNT VI - VIOLATION OF THE LOUISIANA EMPLOYMENT DISCRIMINATION LAW (La. R.S. 23:323 and 23:342)*

56. Plaintiff incorporates all preceding paragraphs.

57. Defendant discriminated against Plaintiff, an otherwise qualified person with a disability, because of her disability, including by terminating her employment, in violation of La. R.S. 23:323.

58. Defendant discriminated against Plaintiff because of pregnancy, childbirth, and related medical conditions, including by terminating her employment, in violation of La. R.S. 23:342.

59. Plaintiff is entitled to the remedies available under La. R.S. 23:303(A), including:

    a. compensatory damages;

    b. back pay and benefits;

    c. reinstatement or front pay; and

    d. reasonable attorney's fees and court costs.

*COUNT VII — INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (29 U.S.C. § 2615(a))*

60. Plaintiff incorporates all preceding paragraphs.

61. Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4). It employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

62. Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2). At the time she requested leave, she:

    a. had been employed by Defendant for at least twelve (12) months;

    b. had worked at least 1,250 hours during the preceding twelve (12) months; and

c. worked at a worksite where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

63. Plaintiff's postpartum depression was a "serious health condition" within the meaning of 29 U.S.C. § 2611(11). It entitled her to intermittent leave under 29 U.S.C. § 2612(a)(1)(D) and (b)(1).

64. Plaintiff gave Defendant notice of her need for leave and provided a medical certification supporting it.

65. Defendant interfered with, restrained, and denied the exercise of Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1). Specifically:

a. Defendant's Supervisor discouraged Plaintiff from using her leave and reacted with hostility when she took it; and

b. Defendant terminated Plaintiff's employment while she remained entitled to intermittent leave.

66. Defendant discriminated and retaliated against Plaintiff for exercising her FMLA rights, including by terminating her employment, in violation of 29 U.S.C. § 2615(a)(2).

67. Defendant did not act in good faith or with reasonable grounds to believe its conduct complied with the FMLA. Under 29 U.S.C. § 2617(a), Plaintiff is entitled to:

a. lost wages and benefits, with interest;

b. an additional equal amount as liquidated damages;

c. appropriate equitable relief; and

d. reasonable attorney's fees and costs.

## VI. DAMAGES

68. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff is entitled to recover:

a. back pay and lost employment benefits, with prejudgment interest;

b. reinstatement or, alternatively, front pay;

c. compensatory damages for emotional distress, mental anguish, anxiety, humiliation, inconvenience, and loss of enjoyment of life;

d. past and future medical expenses;

e. punitive damages under 42 U.S.C. § 1981a(b)(1);

f. liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

g. reasonable attorney's fees, expert fees, and costs under 42 U.S.C. § 12205, 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 2000gg-2(a)(1), and La. R.S. 23:303(A); and

h. pre- and post-judgment interest.

## VII. JURY DEMAND

69. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ray'Shana Mitchell, prays that Defendant be duly served and cited to appear and answer this Complaint. After due proceedings, Plaintiff prays for judgment in her favor and against Defendants, Oak Street Health MSO, LLC, Oak Street Health Physicians Group of Louisiana LLC, and Oak Street Health Medicare Partners, LLC, jointly and severally, awarding: Back pay and lost employment benefits, with prejudgment interest;

A. Reinstatement or, alternatively, front pay;

B. Compensatory damages in an amount to be determined at trial;

C. Punitive damages under 42 U.S.C. § 1981a;

D. Liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii)

E. Reasonable attorney's fees, expert fees, and all costs of these proceedings;

F. Pre-judgment and post-judgment interest as allowed by law; and

G. All other legal and equitable relief to which Plaintiff may be entitled.

Respectfully Submitted:

PEARSON & MITCHELL LLC

ROBERT A. PEARSON (#33492)
3201General Degaulle Dr., Suite 201
New Orleans, Louisiana 70114
Telephone: (504) 483-9050
Facsimile: (800) 695-9056
E-mail: rpearson@pearsonmitchell.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November 2026, I electronically filed the foregoing Complaint and Jury Demand with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are registered to receive electronic service by the Court's CM/ECF system.

ROBERT A. PEARSON (#33492)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT LOUISIANA**

| | | |
|---|---|---|
| RAY'SHANA MITCHELL | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | |
| VERSUS | ) | JUDGE ______________________ |
| | ) | |
| OAK STREET HEALTH MSO, LLC; | ) | |
| OAK STREET HEALTH PHYSICIANS GROUP | ) | |
| OF LOUISIANA LLC; AND | ) | |
| OAK STREET HEALTH | ) | |
| MEDICARE PARTNERS, LLC | ) | MAG. JUDGE ________________ |

**VERIFICATION**

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

**BEFORE ME**, the undersigned Notary Public, personally came and appeared:

**RAY'SHANA MITCHELL**

who, after being duly sworn did declare and state that he has reviewed the allegations of facts contained within the foregoing "**COMPLAINT AND JURY DEMAND**" and that the allegations contained therein are true and correct, to the best of her knowledge, information and belief.

[signature]
**RAY'SHANA MITCHELL**

**SWORN TO AND SUBSCRIBED**, before me, Notary Public, Parish of Orleans, State of Louisiana, this 4th day of October, 2026.

[signature]
**NOTARY PUBLIC**

ROBERT A. PEARSON
NOTARY PUBLIC
LA BAR No. 33492
Parish of Orleans, State of Louisiana
My Commission is issued for Life